IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SILVES H., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | No. 3:22-cv-286-K-BN |
| KILOLO KIJAKAZI, Acting | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Silves H. seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons explained below, the hearing decision should be remanded.

## Background

Plaintiff alleges that she is disabled as a result of cervical spinal stenosis and carpel tunnel syndrome in both hands. After her application for disability insurance benefits was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on June 22, 2021. *See* Dkt. No. 10-1 at 79-103. At the time of the hearing, Plaintiff was 52 years old. She is a college graduate and has past work experience as a technical analyst. Plaintiff has not engaged in substantial gainful activity since May 30, 2018.

The ALJ found that Plaintiff was not disabled and therefore not entitled to disability benefits. *See id.* at 14-23. Although the medical evidence established that Plaintiff suffered from obesity, degenerative disc disease of the cervical spine status-

1

post fusion of C3-7, and carpal tunnel syndrome status-post bilateral release surgeries, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that Plaintiff had the residual functional capacity to perform her past relevant work as a data processing technician analyst.

Plaintiff appealed that decision to the Appeals Council. The Council affirmed.

Plaintiff then filed this action in federal district court. In a single ground for relief, Plaintiff contends that the assessment of her residential functional capacity is not supported by substantial evidence.

The undersigned concludes that the hearing decision should be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with these findings and conclusions.

## Legal Standards

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting

testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen,* 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"In order to qualify for disability insurance benefits or [supplemental security income], a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id*. § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).

"In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment

prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007).

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced

Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

## Analysis

Among the arguments Plaintiff makes is a single ground that compels remand – the ALJ's RFC determination that Plaintiff can frequently handle and finger bilaterally is not supported by substantial evidence.[1] Specifically, Plaintiff argues that the ALJ did not identify any medical opinion, medical evidence, or other evidence as the basis for her determination that Plaintiff could frequently handle and finger bilaterally and instead impermissibly substituted her own medical judgment to determine Plaintiff's ability to work.

"It is the responsibility of the ALJ to interpret 'the medical evidence to determine [a claimant's] capacity for work.'" *Fontenot v. Colvin*, 661 F. App'x 274, 277 (5th Cir. 2016) (quoting *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012). "The ALJ makes an RFC determination based on all the relevant medical and other evidence in the record," *Gonzales v. Colvin*, No. 3:15-cv-685-D, 2016 WL 107843, at *9 (N.D.

---

[1] By recommending remand of this case for further administrative proceedings, the undersigned does not suggest that Plaintiff is or should be found disabled.

Tex. Jan. 11, 2016) (citing 20 C.F.R. § 404.1545(a)(1)), and "is entitled to determine the credibility of medical experts as well as lay witnesses and to weigh their opinions and testimony accordingly." *Fontenot*, 661 F. App'x at 277 (quoting *Moore v. Sullivan*, 919 F.2d 901, 905 (5th Cir. 1990)). "Usually, the ALJ should request a medical source statement describing the types of work that the applicant is still capable of performing. The absence of such a statement, however, does not, in itself, make the record incomplete." *Ripley*, 67 F.3d at 557 (citing 20 C.F.R. § 404.1513(b)(6)). "[W]here no medical statement has been provided, [the Court's] inquiry focuses upon whether the decision of the ALJ is supported by substantial evidence in the existing record." *Id.*; *accord Gutierrez v. Barnhart*, No. 04-11025, 2005 WL 1994289, at *7 (5th Cir. Aug. 19, 2005) (citation omitted).

Here, the only medical opinions in the record were those of the State Agency Medical Consultants ("SAMCs").

On initial determination, Patty Rowley, M.D. determined Plaintiff could perform a limited range of light work. Dr. Rowley found Plaintiff had exertional and postural limitations. Specifically, she found Plaintiff could occasionally lift and/or carry twenty pounds and frequently lift ten pounds; stand and/or walk six hours and sit on a sustained basis more than six hours in an eight-hour workday; and occasionally crawl and climb ladders, ropes, and scaffolds. Dr. Rowley found Plaintiff had no limitations in climbing ramps and stairs, balancing, stooping, kneeling, or crouching. Dr. Rowley also found Plaintiff had manipulative limitations, specifically,

that Plaintiff's ability to occasionally reach overhead to the left and right was limited, but she no limitations in handling, fingering, or feeling. *See* Dkt. No. 10-1 at 109-10.

On reconsideration, Amita Hedge, M.D.'s findings were the same as Dr. Rowley's except Dr. Hedge found Plaintiff could occasionally crouch and Plaintiff's ability to push and/or pull was limited in both upper extremities. *See id.* at 120-22.

The ALJ found the SAMCs' opinions to be somewhat persuasive, with the opinion on reconsideration being more persuasive, because they were supported by the physicians' analysis of the evidence at the time the opinions were rendered. But the ALJ found that evidence received at the hearing level supported further limitations. *See id.* at 21.

The ALJ determined that Plaintiff retained the RFC to perform sedentary work in that she can lift and/or carry ten pounds occasionally and five pounds frequently; can stand and/or walk for two hours and sit for six hours in an eight-hour workday; can occasionally stoop, kneel, crouch, climb ladders, ropes, and scaffolds; can occasionally reach overhead with her left upper extremity; and can frequently handle and finger bilaterally. *See* Dkt. No. 10-1 at 19.

The ALJ explained that Plaintiff "can frequently handle and finger bilaterally due to her carpal tunnel syndrome and accompanying weakness in her upper extremities." *Id.* at 22. Having found that Plaintiff had manipulative limitations in handling and fingering, the ALJ does not explain how she determined Plaintiff could handle and finger frequently or the effect those limitations had on Plaintiff's ability to work.

7

Nor does the ALJ identify any medical or other evidence as the basis for her finding that Plaintiff can handle and finger frequently. The ALJ refers to the "entire record" and Plaintiff's ability to complete activities of daily living, but she does not identify or explain what evidence in the record or what activities of daily living support her finding that Plaintiff could handle and finger frequently.

In her discussion of activities of daily living, the ALJ notes that Plaintiff "indicated the difficulties with her hands and raising her arms posed trouble in washing and styling her hair, washing dishes, and chopping vegetables." *Id.* at 20. The ALJ then describes the activities of daily living Plaintiff can perform, "such as cooking (albeit she uses a small pan), dusting, laundering clothing, watering her plants, talking to friends on the phone, shopping in stores (having help with heavier items), and driving." *Id.* But the ALJ does not explain how the ability to perform those activities shows Plaintiff can handle and finger frequently

Since the ALJ implicitly rejected the SAMCs' opinions by finding that Plaintiff had manipulative limitations, there are no medical opinions concerning Plaintiff's ability to handle and finger during an eight-hour workday. And the undersigned cannot determine whether the ALJ's RFC finding concerning Plaintiff's handling and fingering limitations is otherwise supported by substantial evidence in the record because the ALJ does not identify medical or other evidence as the basis for her finding. *See Bowles v. Comm'r of Soc. Sec.,* No. 7:20-cv-112-O-BP, 2021 WL 7451148, at *3 (N.D. Tex. Oct. 19, 2021) (holding RFC must be supported by substantial

evidence even though adding limitations suggested the ALJ was simply giving the claimant the benefit of the doubt).

The ALJ has a responsibility "to adequately explain [her] reasoning in making the findings on which [her] ultimate decision rests, and in doing so must address all pertinent evidence." *Gonzalez v. Berryhill*, No. 3:16-cv-1830-BN, 2017 WL 3492215, at *6 (N.D. Tex. Aug. 17, 2017); *see also* SSR 82-62 (S.S.A.), 1982 WL 31386 ("The rationale for a disability decision must be written so that a clear picture of the case can be obtained. The rationale must follow an orderly pattern and show clearly how specific evidence leads to a conclusion."); SSR 83-14 (S.S.A.), 1983 WL 3154 ("There must be findings of fact and recitation of the evidence which supports each finding.").

Here, the ALJ failed to explain the rationale or show how specific evidence led her to the conclusion that Plaintiff can frequently handle and finger bilaterally. Although the ALJ identified the medical conditions on which the manipulative limitations in handling and fingering were based, the ALJ failed to make the required function-by-function assessment of the effect of those limitations on Plaintiff's ability to perform work-related activities. *See Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001); SSR 96-8p (S.S.A.), 1996 WL 374184, at *1

Instead, having rejected the only medical opinions in the record regarding the effects of Plaintiff's impairments on her ability to work, the ALJ appears to have relied her own interpretation of the medical record and testimonial evidence, which she may not do. *See Williams v. Astrue*, 355 F. App'x 828, 832 n.6 (5th Cir. 2009);

*Ripley,* 67 F.3d at 557. Consequently, substantial evidence does not support the ALJ's mental RFC determination.

Moreover, the ALJ rejected the SAMCs' medical opinions on Plaintiff's limitations in handling and fingering because evidence adduced at the hearing suggested Plaintiff's manipulative limitations were *greater* than those noted in the SAMC reports, rendering them stale. But having determined that the SAMC opinions did not accurately capture Plaintiff's manipulative limitations, the ALJ did not request an updated medical opinion that would have accounted for changes in Plaintiff's ability to handle and finger, and instead relied on her own lay interpretation of Plaintiff's ability to work. Had she obtained an updated opinion, her determination of Plaintiff's RFC would, conceivably, have included greater limitations. This, in turn, could have altered the ALJ's findings at step five, at which the Commissioner bears the burden to identify gainful employment available in the national economy that Plaintiff can perform, and at which the ALJ determined Plaintiff was not disabled.

Therefore, the ALJ erred by making an RFC determination without medical evidence addressing the effects of Plaintiff's manipulative impairments on her ability to work and Plaintiff was harmed by that error. Accordingly, substantial evidence does not support the ALJ's determination of Plaintiff's RFC.

## Recommendation

The hearing decision should be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 14, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE