IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SILVES H., § | |
|     PLAINTIFF, § | |
| § | |
| V. § | CASE NO. 3:22-CV-286-K-BK |
| § | |
| KILOLO KIJAKAZI, ACTING § | |
| COMMISSIONER OF SOCIAL SECURITY, § | |
|     DEFENDANT. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Plaintiff's *Petition to Obtain Approval of a Fee for Representing a Social Security Claimant*, Doc. 26, is before the undersigned United States magistrate judge for findings and a recommended disposition. As detailed here, the petition should be **GRANTED**.

**I. BACKGROUND**

In February 2022, Plaintiff filed a complaint seeking reversal of the decision of the Commissioner of Social Security denying his claims for disability insurance benefits under the Social Security Act. Doc. 1. Upon the recommendation of the undersigned magistrate judge, the Court reversed the Commissioner's decision and remanded the case for further proceedings. Doc. 16; Doc. 17; Doc. 18. The Court then awarded Plaintiff's counsel attorneys' fees in the amount of $3,936.02 under the Equal Access to Justice Act ("EAJA"). Doc. 25. In September 2023, the Commissioner found Plaintiff disabled and awarded past due benefits, retroactive to November 2018, totaling $143,060.90. Doc. 26-2 at 5.

Consistent with counsel's contingency agreement with Plaintiff, the Social Security Administration notified Plaintiff that it had withheld $35,765.23 from the awarded past due benefits, representing 25 percent, as potential payment for legal fees. Doc. 26-2 at 4. Counsel now requests that the Court award him $17,500.00 in attorneys' fees, amounting to 12.2 percent of the past due benefits awarded Plaintiff, as permitted by section 406(b) of the Social Security Act. Doc. 26, *passim*.

## II. APPLICABLE LAW

Under 42 U.S.C. § 406(b), whenever a court renders a judgment favorable to a Social Security claimant, the court may award the claimant's attorney up to 25 percent of the total of the past-due benefits to which the claimant is found to be entitled. Attorneys who successfully represent Social Security benefits claimants in court may receive fees under both the EAJA and section 406(b), "but . . . must refund to the claimant the amount of the smaller fee." *Jackson v. Astrue*, 705 F.3d 527, 529 (5th Cir. 2013) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002)) (some alterations omitted). Section 406(b) requires the court to conduct an independent review of such contingency fee agreements to ensure that the attorney for the successful claimant has met their burden of demonstrating that the fee sought is reasonable. *Gisbrecht*, 535 U.S. at 807.

If the benefits resulting from a contingency fee agreement are large compared to the time counsel spent on the case, the fee should be adjusted downward to avoid a windfall for counsel. *Id.* at 808. The Court of Appeals for the Fifth Circuit has not prescribed an exhaustive list of factors to consider in determining whether a fee award in this context represents a windfall that would warrant a downward adjustment. *Jeter v. Astrue*, 622 F.3d 371, 381 (5th Cir. 2010). At the same time, it has implicitly approved

several factors considered by lower courts, including "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." *Id.* at 382 (citation omitted).

### III. ANALYSIS

The relevant factors favor approving counsel's petition. First, courts have consistently recognized that there is a substantial risk of loss in civil actions for social security benefits. *See Cullar v. Saul*, No. 7:19-CV-00027-O-BP, No. 2021 WL 295842, at *2 (N.D. Tex. Jan. 8, 2021) (Ray, J.) ("[T]he Fifth Circuit and district courts in this circuit have acknowledged the high risk of loss inherent in Social Security appeals and the fact that a particular claimant's attorney often is not compensated at all for Social Security work in federal court.") (quoting *Hartz v. Astrue*, No. 08-4566, 2012 WL 4471846, at *6 (E.D. La. Sept. 12, 2012)), *adopted by* 2021 WL 289270 (N.D. Tex. Jan. 28, 2021). Counsel in this case faced just such a risk because Plaintiff had lost at all levels of the administrative proceedings.

Additionally, counsel's fee agreement with Plaintiff calls for an award in counsel's favor of 25 percent of Plaintiff's retroactive benefits. Doc. 26-3 at 2-3. There is no suggestion that any fraud or overreaching occurred in this matter as Plaintiff signed the fee agreement, and counsel acted promptly in litigating the case and achieving a significant victory for his client. *Gisbrecht*, 535 U.S. at 807-08 (noting that the reviewing court should consider whether the attorney was responsible for any delay and the size of the award achieved in relation to the time invested); *Jeter*, 622 F.3d at 382 (stating that

3

courts may consider the fact that the client consented to the fee arrangement in assessing whether the fee is reasonable).

Further, counsel brought to bear more than 40 years of experience in Social Security disability law, dating back to 1975. Doc. 26 at 13-14; *Jeter*, 622 F.3d at 382 (noting that courts will consider attorney experience and skill in determining the reasonableness of the fee). Counsel is a member in good standing of many circuit, district, and state courts and served as a staff attorney for the Social Security Administration for 12 years after graduating from law school. Doc. 26 at 13. And counsel provided effective and efficient representation in this case, preparing a 14-page opening brief with multiple sub-issues as well as a reply brief. Doc. 13; Doc. 15; *Jeter*, 622 F.3d at 382 (noting that courts may consider the degree of difficulty of the case in assessing the fee's reasonableness).

Lastly, the size of counsel's requested reward, $17,500.00, divided by the 16.35 hours that he expended on the case, leads to an hourly rate of $1,070.33, which is more than twice the hourly rate for attorneys of similar experience—$463.00. Doc. 26 at 11-12 (counsel's hourly billing records); Doc. 26 at 13-15 (counsel's affidavit); Doc. 26-4 at 4-5 (Texas Lawyer, The State of Rates (Oct. 1, 2012)) (noting that the median average billable rate for an equity partner in Dallas/Fort Worth was $463.00 in 2012). Nevertheless, the risk involved in litigating a contingency case of this nature should not be overlooked. *See Jeter*, 622 F.3d at 379-80 (holding that courts can consider the lodestar calculation as one measure in determining whether the contingency fee is reasonable and not a windfall). Counsel's effective hourly rate is also within the range of that previously approved in other social security cases. *See, e.g.*, *Eric B. v. Comm'r of*

4

*Soc. Sec.*, No. 3:17-CV-0083-G-BK, 2019 WL 7546622, at *2 (N.D. Tex. Dec. 18, 2019) (Toliver, J.) (finding effective hourly rate of $937.50 reasonable), *adopted by* 2020 WL 109856 (N.D. Tex. Jan. 8, 2020); *Richardson v. Colvin*, No. 4:15-CV-0879-BL, 2018 WL 1324951, *2 (N.D. Tex. Mar. 13, 2018) (Frost, J.) (same); *Sabourin v. Colvin*, No. 3:11-CV-2109-M, 2014 WL 3949506, at *1-2 (N.D. Tex. Aug. 12, 2014) (Lynn, J.) (approving de facto hourly rate of $1,245.55).

Upon consideration of all the relevant factors, the Court concludes that counsel's hours expended and proposed hourly rate of $1,070.33 are reasonable.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's *Petition to Obtain Approval of a Fee for Representing a Social Security Claimant*, Doc. 26, should be **GRANTED**, and counsel should be awarded attorneys' fees in the amount of $17,500.00 pursuant to 42 U.S.C. § 406(b).[1]

**SO RECOMMENDED** on December 18, 2023.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] Because the Court previously awarded counsel a fee of $3,936.02 under the EAJA, Doc. 25, he must refund the smaller fee award to Plaintiff.  *Gisbrecht*, 535 U.S. at 796. Counsel represents that he will promptly refund the lesser amount to Plaintiff.  Doc. 25 at 12.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).